*Hartford,*
June, 1814.

Norton
*v.*
Strong.

---

### STOCKING *against* SAGE and Others.

THIS was an action of book-debt. The cause was tried at *Haddam, December* term, 1813, before *Mitchell*, Ch. J. and *Trumbull* and *Ingersoll*, Js. On the trial the plaintiff offered evidence to prove the following facts : That in the year 1799, the defendants were owners of the schooner *Fox*, which they fitted out for a voyage, and constituted the plaintiff master, directing him to go and make as good a voyage as he could for them. He went to the island of *Martinique* in the *West-Indies*, and sold his outward cargo. He then made a contract with the house of *Riguandou* & Co. to go to

Where a master of a vessel, after his return from a voyage, had settled the accounts of the voyage with the owners, and paid over to them the freight money, on their promising to indemnify him against a contract

which he had entered into during the voyage ; held that book-debt would not lie for trouble and expenses to which he was afterwards subjected in consequence of such contract, but that the remedy must be on the special promise.

*North Carolina,* and there purchase a deck-load of cattle for that house, and return with the same to *Martinique.* *Riguandou* & Co. advanced to him 1000 dollars for the purchase of cattle and the layings-in, the inboard cargo on such voyage being for account of the owners. He proceeded to *North Carolina,* purchased the cattle, and set sail on his return to *Martinique.* On the return voyage he was captured by a *French* privateer. He retook his vessel; but owing to the capture and injuries from the sea, he was obliged to go to *Antigua,* and there sell the cattle, the avails of which were sufficient to pay the freight only. He then returned to *Middletown,* and informed the defendants of all his proceedings during his absence. Having in his hands the sum of 1043 dollars, retained as freight of the cattle from the sales, he claimed to hold that sum until he could settle his account with *Riguandou* & Co. The defendants, however, insisted upon receiving the money, and promised to indemnify the plaintiff, and to pay all cost and charges to which he might be put on account of his contract with *Riguandou* & Co. He accordingly paid it over to the defendants, and settled the accounts of the voyage with them. In the year 1810, he was in the island of *Martinique,* and was there attached at the suit of *Riguandou* & Co. on the contract aforesaid, and was obliged to pay large sums of money to counsel, interpreters, and notaries, and for other expenses in his defence. Ultimately he obtained judgment in his favour. For the plaintiff's time, services and expenses relating to that suit, the present action was brought.

The counsel for the defendants objected to the evidence, on the ground that the action of book-debt would not lie, such services and expenses not being proper charges on book; nor could the special promise stated be proved by the oath of the plaintiff. The court rejected the evidence; and the defendants obtained a verdict. The plaintiff moved for a new trial, and the question was reserved for the opinion of all the Judges.

*C. Whittelsey* in support of the motion. 1. The defendants are clearly liable to the plaintiff in some form of action, for the services and expenses in question. The plaintiff contracted with *Riguandou* & Co. as the *agent* of the defend-

ants, and it was within the scope of his authority to do so. His only instructions were " to make the best voyage he could," leaving every thing to his discretion; and his agency continued until the whole transaction was closed. Placed in this situation, and acting according to the best of his judgment, he is entitled to protection. 5 *Bac. Abr.* 599. (*Wilson's edit.*) And if in the performance of his duty he has been brought into a law-suit, in which he has been obliged to expend large sums of money, justice requires that he should be indemnified. The whole transaction was for the defendants' account; and as the profits go to them, they must sustain the loss. The settlement of the voyage is conclusive to shew that the plaintiff acted completely within the scope of his authority. By claiming and receiving the freight money, the defendants adopted his acts.

2. The action of book-debt lies. This form of action was not given by statute, but is a common law remedy. The statute(*a*) contemplates book-debt as an existing and well known remedy, and proceeds to limit the time for bringing the action, and to regulate the mode of proof, trial and judgment. The only difference between our action of book-debt and the *English* action of debt on simple contract, is, that in the latter the charges are set out in the declaration,(*b*) and in the former profert is made of the book. After oyer, the book becomes a part of the declaration, and the actions are then precisely alike. The question then is, would debt on simple contract lie? Anciently, this was the common action for goods sold and delivered, and for work and labour done; and though in modern times *assumpsit*, enjoying some advantages, has taken its place in practice, yet the nature of the action is not changed. Debt lies to recover money due upon a legal liability, or upon an implied undertaking.— 1 *Chitt.* 101, 2. 1 *Selw. N. P.* 556. 1 *Roll. Abr.* 593. *pl.* 25. *Cro. Car.* 539. *Com. Dig. tit.* Debt. A. *Jenk. Cent.* 332. *Cro. Eliz.* 880. All the old cases shew, that debt will lie where *indebitatus assumpsit* will lie. *Doug.* 6. *per Buller, J.*

The only objections worthy of notice to the action of book-debt in this case, are 1st, that the defendant has not due notice of the claim; and 2dly, that the plaintiff is allowed to support his claim by his oath. In answer to the

(*a*) *Tit.* 25. *c.* 1.   (*b*) *Regist. Brev.* 139.

*Hartford,*
June, 1814.

Stocking
*v.*
Sage.

Stocking
*v.*
Sage.

first objection, it is sufficient to remark, that the defendant, by praying oyer, and putting the plaintiff's account on the record, has more complete notice of the claim than he would have according to the *English* practice in an action of *assumpsit.* With regard to the second objection, it may be observed, in the first place, that if the statute has given that mode of proof, the court cannot enquire into the wisdom or propriety of it. But if they could, this objection ought not to lie against the nature of the action; for the claim may be supported by common law proof, and in some cases must be from necessity; as where the contract is made by an agent, and the money advanced, goods delivered, or services performed, by him.

*Hosmer,* contra. 1. The *special promise* was not chargeable on book; nor could it be proved by the oath of the party. *Swift's Ev.* 84. 2 *Swift's Syst.* 168. *Peck* v *Jones, Kirb.* 289. *Johnson* v. *Gunn,* 2 *Root* 130.

2. The plaintiff has no claim by *implied contract;* and if he had, he could not recover in book-debt.

SMITH, J. It seems in this case, that the plaintiff paid over the 1043 dollars relying on the promise of the defendants to indemnify him from all cost and charges to which he might be subjected on account of the contract which he made in *Martinique;* and it is expressly stated, that *they settled the accounts of the voyage.* These facts being stated and admitted, there can be no ground for the action of book-debt, but the remedy must be on the contract.

In this opinion the other Judges severally concurred.

New trial not to be granted.